HON. THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE and WASTE ACTION PROJECT,<br><br>  Plaintiffs,<br>v.<br><br>ARDAGH GLASS INC.,<br><br>  Defendant. | C20-284 TSZ<br><br>CONSENT DECREE |

## I.   STIPULATIONS

WHEREAS, Plaintiffs Puget Soundkeeper Alliance ("Soundkeeper") and Waste Action Project ("WAP") filed a complaint against Defendant Ardagh Glass, Inc. ("Ardagh") alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, relating to discharges of stormwater associated with industrial activities and other pollutants from Ardagh's facility, located at 5801 E Marginal Way S, Seattle, Washington 98134 (the "Facility") and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, Soundkeeper, WAP, and Ardagh all agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, Soundkeeper, WAP, and Ardagh stipulate to the entry of this Consent Decree without trial or adjudication of any issues of fact or law regarding Plaintiffs' claims and without any stipulations other than those expressly provided in this Consent Decree.

CONSENT DECREE - 1
No. 2:20-cv-00284-TSZ

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

DATED this 21st day of July, 2021

NOSSAMAN LLP

By s/ Svend Brandt-Erichsen
Svend Brandt-Erichsen, WSBA No. 23923
Attorneys for Defendant
Ardagh Glass, Inc.

SMITH & LOWNEY PLLC

By s/Meredith A. Crafton
Meredith A. Crafton, WSBA #46558
Richard A. Smith, WSBA #21788
Attorneys for Plaintiffs
Puget Soundkeeper Alliance and
Waste Action Project

ARDAGH GLASS INC.

By _____
Joshua R. Markus
General Counsel and Vice President

PUGET SOUNDKEEPER ALLIANCE

By _____
Sean Dixon
Executive Director

WASTE ACTION PROJECT

By _____
Greg Wingard
Executive Director

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Ardagh of its Facility at 5801 E Marginal Way S, Seattle, Washington 98134 (the "Facility"), which is subject to National Pollutant Discharge Elimination

CONSENT DECREE - 2
No. 2:20-cv-00284-TSZ

SMITH & LOWNEY, PLLC
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

System Permit No. WAR001134 (the "General Permit") and Major Discharge Authorization number 555-004 and 555-005 (the "Wastewater Authorization") for wastewater discharges from Ardagh's Facility.

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint, the sixty-day notice and all other claims known and unknown existing as of the date of entry of this Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is Soundkeeper and WAP's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Soundkeeper and WAP in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Ardagh.

7. Ardagh agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this decree:

   a. Ardagh will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR001134 and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility as well as Major Discharge Authorization number 555-004 and 555-005 any successor, modified, or replacement authorization for discharging wastewater from the Facility.

   b. For the duration of this Consent Decree, Ardagh shall, on a quarterly basis, electronically forward to Soundkeeper copies of all communications to and/or from

CONSENT DECREE - 3
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Ecology related to its General Permit or stormwater discharges from the Facility (including copies of documents submitted to Ecology electronically) as well as communications to and/or from King County related to its Wastewater Authorization.

  c. Ardagh has installed and is operating the stormwater treatment system proposed in its May 15, 2020, Engineering Report, attached hereto as **Attachment A** (Phase 1). Ardagh has applied for construction permits to conduct the construction and install the treatment system proposed and selected in its June 29, 2020, Engineering Report, attached hereto as **Attachment B** (Phase 2). Ardagh will install and have operational the Phase 2 stormwater treatment system by no later than the Level 3 Deadline for completing Phase 2 set for Ardagh by the Department of Ecology. Due to City of Seattle permitting delays, Ardagh has applied to the Department of Ecology for an extension of the Level 3 Deadline to complete Phase 2 construction by June 30, 2022. Soundkeeper may provide Ardagh with any comments and/or revisions to any updated Engineering Reports not later than fourteen (14) days of receipt. Ardagh must consider comments and recommendations submitted and either accept them and modify the report and implementation plan or justify in writing any non-acceptance within fourteen (14) days. Disagreements shall be subject to this Consent Decree's dispute resolution provisions. Within sixty (60) days of completion of construction of each treatment system, Ardagh will update its stormwater pollution prevention plan ("SWPPP") to reflect the new structure and practices.

  d. Due to the delay in installation of the Phase 2 treatment system, beginning immediately at execution of this Consent Decree, Ardagh will increase its visual inspections of the facility to weekly until all treatment systems are installed and operations to ensure adequate BMP implementation and effectiveness. As described in the SWPPP, if

CONSENT DECREE - 4
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

a BMP is found to be inadequate or pollutant sources are not identified or accurately described in the SWPPP during a routine visual inspection, the SWPPP and BMP implementation will be updated accordingly. If track-out is observed at the facility during a visual inspection, including from either end of Strategic Materials' operations, then sweeping must be implemented immediately.

e.  Within thirty (30) days of entry of this Consent Decree, Ardagh will reassess its Source Assessment Report to identify potential operational and structural source control best management practices (BMPs) that can be implemented to prevent contact between pollutants and rainfall and runoff. This assessment will explicitly include additional source control actions for Strategic Materials' operations within the Facility.

f.  Within sixty (60) days of entry of this Consent Decree, Ardagh will submit a BMP and Source Control assessment report ("Source Control Report") to Soundkeeper and WAP that lists all potential BMPs identified, their locations, those selected for implementation, whether they already have been implemented, and if not the implementation schedule, and an explanation and justification for why the remainder were not selected. This Source Control Report must include specific recommendations for reducing dust from Strategic Materials' operations based on advice from a third-party air pollution control expert. Strategic Materials' third party air pollution expert is SCS Engineers, Environmental Consultants and Contractors. After Plaintiffs' review, Soundkeeper and WAP may provide comments to Ardagh within fourteen (14) days. Ardagh must consider comments and recommendations submitted and either accept them and modify the Source Control report and implementation plan or justify in writing any non-acceptance within thirty (30) days. Disagreements shall be subject to this Consent

CONSENT DECREE - 5
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Decree's dispute resolution provisions.  Ardagh will implement the projects identified in the Source Control report in accordance with the implementation schedule provided therein

  g. Beginning immediately at execution of this Consent Decree, Ardagh will increase sampling and analysis of stormwater runoff from each outfall for any treatment systems described in the Engineering Reports (Attachments A and B) that have already been installed (Phase 1) for parameters required in Tables 2, 3, and 6 of General Permit (turbidity, pH, oil sheen, copper, zinc, TSS, and petroleum hydrocarbons).  Ardagh will collect at least one sample per month from each designated location (in accordance with General Permit Condition S4. General Sampling Requirements) if sufficient flow occurs.  Samples required by this paragraph must be collected with no less than five days between them.  If a rain event sufficient to cause a discharge from the outfall does not occur in each month, Ardagh will sample and analyze the stormwater runoff from the first such rain event which occurs.  Ardagh will provide the sample results to Soundkeeper and WAP quarterly for six quarters.

  h. Beginning immediately at execution of this Consent Decree, Ardagh will increase sampling and analysis of stormwater runoff from each outfall at the facility that is not treated by the Phase 1 treatment system for parameters required in Tables 2, 3, and 6 of General Permit (turbidity, pH, oil sheen, copper, zinc, TSS, and petroleum hydrocarbons) and shall continue such sampling until the Phase 2 treatment system is installed and is operational.  Ardagh will collect at least one sample per month from each outfall (in accordance with General Permit Condition S4. General Sampling Requirements) if sufficient flow occurs.  Samples required by this paragraph must be collected with no less than five days between them.  If a rain event sufficient to cause a discharge from the

CONSENT DECREE - 6
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

outfall does not occur in each month, Ardagh will sample and analyze the stormwater runoff from the first such rain event which occurs. Ardagh will provide the sample results to Soundkeeper and WAP quarterly until new treatment systems are installed.

      i.    For each treatment system described in the Engineering Reports (Attachments A and B) that starts operating following execution of this Consent Decree, (Phase 2) beginning immediately after it becomes operational Ardagh will conduct enhanced sampling and analysis of stormwater runoff from each treatment system outfall for parameters required in Tables 2, 3, and 6 of General Permit (turbidity, pH, oil sheen, copper, zinc, TSS, and petroleum hydrocarbons). Ardagh will collect at least one sample per month from each designated location (in accordance with General Permit Condition S4. General Sampling Requirements) if sufficient flow occurs. Samples required by this paragraph must be collected with no less than five days between them. If a rain event sufficient to cause a discharge from the outfall does not occur in each month, Ardagh will sample and analyze the stormwater runoff from the first such rain event which occurs. Ardagh will provide the sample results to Soundkeeper and WAP quarterly for six quarters.

      j.    If there have been no benchmark exceedances or violations of applicable effluent limits set by the General Permit at a particular outfall for six quarters, then Ardagh may revert to the monitoring frequencies required by the General Permit's Condition S4. for that outfall rather than the enhanced frequency monitoring schedule described in the subparagraph above.

      k.    If the average of monthly sampling results from a treatment system described in the Engineering Reports (Attachments A and B) in any quarter, for any single parameter, exceed benchmarks or applicable effluent limit at an outfall during the first year

CONSENT DECREE - 7
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

of monitoring after installation and operation of the treatment system, Ardagh will conduct an assessment, in consultation with its Engineering Consulting Firm, to evaluate the treatment system's performance trend over the prior year.  The assessment's objective will be to determine whether adjustments can be made sufficient to meet all benchmarks or applicable effluent limit.  Ardagh will complete the assessment within thirteen (13) months after completion of the treatment installation and will notify Soundkeeper and WAP of the date when such assessment is completed.  Within thirty (30) days of completion of the assessment, Ardagh will submit an Action Plan to Soundkeeper and WAP.  The Action Plan will detail the assessment's methods, results, and conclusions, and outlining the design, reconstruction, operational, and/or maintenance improvements or adjustments to the stormwater management systems and SWPPP, including BMP implementation and implementation of additional stormwater treatment, expected to increase the level of performance sufficiently to meet benchmarks or applicable effluent limits, as well as address whether further monitoring above the General Permit requirements should be conducted or revert to General Permit requirements.  After review, Soundkeeper and WAP may submit comments within fourteen (14) days.  Ardagh will consider comments and recommendations submitted and either accept them and modify the revised Action Plan or justify in writing any non-acceptance.  Disagreements will be subject to the Consent Decree's dispute resolution provisions.  If Soundkeeper and WAP approves Ardagh's Action Plan, Ardagh will fully implement the approved adjustments to its stormwater treatment system within ninety (90) days of Soundkeeper and WAP's approval unless capital expenditures are necessary. If implementation of the Action Plan requires a capital expenditure, then within six months or, if the Action Plan cannot reasonably be

CONSENT DECREE - 8
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

implemented within such time, twelve months. After implementation of adjustments to Ardagh's stormwater treatment system, Ardagh will conduct enhanced sampling as described in paragraph 7(h) above to collect three months of samples subject to repeating the provisions of this paragraph if the average of the three monthly sampling results for any single parameter exceed the benchmark or applicable effluent limit at an outfall. Samples required by this paragraph must be collected with no less than five days between them.

l.   Ardagh will continue to monitor its discharge of fats, oils, and greases ("FOG") to the county sewer system as required by its Wastewater Authorization.

m.   If the levels of FOG and/or the maximum daily discharge volume exceed limits set by Ardagh's Wastewater Authorization, Ardagh will report the exceedance to King County in accordance with its Wastewater Authorization and provide the report to Soundkeeper and WAP.  If an exceedance of the maximum daily discharge volume is attributable to water used for emergency cooling in response to a furnace's glass leak, Ardagh will indicate as much in its notice to Soundkeeper and WAP.  Should the level for either parameter exceed limits set by Ardagh's Wastewater Authorization in three out of four reporting periods, then Ardagh must submit to Soundkeeper and WAP an Action Plan for source control or an improved treatment process for this wastewater stream within thirty (30) days of the third exceedance that details actions Ardagh plans to take to address these violations.  An exceedance of the maximum daily volume due to a glass leak shall not be counted in determining whether an Action Plan has been triggered provided that Ardagh has complied with their O&M manual.  Soundkeeper and WAP may submit comments within fourteen (14) days.  Ardagh will consider comments and recommendations

CONSENT DECREE - 9
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

submitted and, within thirty (30) days of receipt of these comments either accept them and modify the revised Action Plan or justify in writing any non-acceptance. Disagreements will be subject to the Consent Decree's dispute resolution provisions and the parties will use all best efforts to resolve them promptly. If Soundkeeper and WAP approve Ardagh's Action Plan, Ardagh will fully implement the approved adjustments to its wastewater system within ninety (90) days of Soundkeeper and WAP's approval, or if implementation of the Action Plan requires a capital expenditure, then within six months, or if the Action Plan cannot reasonably be implemented within such time, twelve months.

    n.    Ardagh will work with its qualified stormwater consultant to update its SWPPP to reflect the additional BMPs required by this Consent Decree. Initial updates will be completed no later than October 31, 2021. Ardagh will provide Soundkeeper and WAP with an electronic copy of the SWPPP within thirty (30) days of the initial update and any subsequent revisions during the term of this Consent Decree. Soundkeeper and WAP may provide comments and/or proposed revisions to the revised SWPPP within thirty (30) days. Ardagh will consider Soundkeeper and WAP's comments in good faith and respond in writing within thirty (30) days Ardagh will consider comments and recommendations submitted and either accept them and modify the revised SWPPP or justify in writing any non-acceptance.

    o.    Ardagh must coordinate with Soundkeeper and WAP an inspection of the Facility at a mutually agreeable time in approximately one year and annually thereafter for the duration of the Consent Decree.

    p.    Ardagh will be subject to a stipulated payment in lieu of penalty of $5,580 for each month in which a parameter exceeds the effluent limits for discharges to impaired

CONSENT DECREE - 10
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

waters set in Table 6 of the General Permit after entry of this Consent Decree. Ardagh will make any stipulated payments in lieu of penalty to Seattle Parks Foundation at the address provided in paragraph 8 below not later than thirty (30) days after becoming aware of such effluent limitation violation, with a cover letter explaining the payment, with a copy of the letter and check provided to WAP and Soundkeeper.

q.   Not later than thirty (30) days after the entry of this Consent Decree by this Court, Ardagh will pay $19,000 (NINETEEN THOUSAND DOLLARS) to cover the costs Soundkeeper's reasonable attorney and expert fees for monitoring of compliance with this consent decree. Payment will be made by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. These funds will be kept in Smith and Lowney's trust account and any funds not spent will be returned to Ardagh at the termination of the consent decree with an accounting of the costs and fees incurred for monitoring compliance with this Consent Decree.

8.   Not later than thirty (30) days after the entry of this Consent Decree by this Court, Ardagh will pay $400,000 (FOUR HUNDRED THOUSAND DOLLARS) to Seattle Parks Foundation for the Gateway Park Project, as described in **Attachment C** to this Consent Decree. The check will be made to the order of Seattle Parks Foundation and delivered to: Seattle Parks Foundation, Michelle Benetua, 105 South Main Street #235, Seattle WA 98104. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Soundkeeper et al. v. Ardagh, Case No. 2:17-cv-00284-TSZ." A copy of the check and cover letter, if any, will be sent simultaneously to Soundkeeper, WAP, and their counsel.

9.   Within thirty (30) days of entry of this Consent Decree by the Court, Ardagh will pay $195,000 (ONE HUNDRED AND NINETY-FIVE THOUSAND DOLLARS) dollars to cover

CONSENT DECREE - 11
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Soundkeeper and WAP's litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith.  Ardagh's payment will be in full and complete satisfaction of any claims Soundkeeper and/or WAP has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

10. A force majeure event is any event outside the reasonable control of Ardagh that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Ardagh timely notifies Soundkeeper and WAP of the event as required by this paragraph; the steps that Ardagh will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.  Ardagh will notify Soundkeeper and WAP of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Ardagh becomes aware of the event.  In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include:

a. Acts of God, war, insurrection, or civil disturbance;
b. Earthquakes, landslides, fire, floods;
c. Actions or inactions of third parties over which defendant has no control;
d. Unusually adverse weather conditions;
e. Restraint by court order or order of public authority;
f. Strikes;

CONSENT DECREE - 12
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

        g.     Any permit or other approval sought by Ardagh from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Ardagh has timely and in good faith sought the permit or approval; and

        h.     Litigation, arbitration, or mediation that causes delay.

11.     This Court retains jurisdiction over this matter. While this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical, but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the notice, either party may file a motion with this Court to resolve the dispute, with the dispute to be decided based upon the requirements of the General Permit and the Clean Water Act. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12.     The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S.

CONSENT DECREE - 13
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, Soundkeeper and WAP will serve copies of it upon the Administration of the U.S. EPA and the Attorney General, with a copy to Ardagh.

13. This Consent Decree will take effect upon entry by this Court. It terminates three years after that date, or upon completion of all obligations imposed by this Consent Decree, whichever is later.

14. Both parties have participated in drafting this Consent Decree.

15. This Consent Decree may be modified only upon the approval of the Court.

16. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. Notifications required by this Consent Decree must be in writing by email. For a notice or other communication regarding this decree to be valid, it must be delivered to the email addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

> Puget Soundkeeper Alliance
> Attn: Katelyn Kinn
> Email: katelyn@pugetsoundkeeper.org
>
> Waste Action Project
> Attn: Greg Wingard
> Email: gwingard@earthlink.net
>
> Notifications or copies required by this Consent Decree to be made to Defendant shall be delivered electronically to:

CONSENT DECREE - 14
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

| | |
|---|---|
| 1 | Ardagh Glass Inc. |
|   | Attn: Joshua Markus |
| 2 | Email: joshua.markus@ardaghgroup.com |
| 3 | Ardagh Glass Inc. |
|   | Attn: Richard Tomicek |
| 4 | Email: richard.tomicek@ardaghgroup.com |
| 5 | Nossaman LLP |
|   | Attn: Svend Brandt-Erichsen |
| 6 | Email: sbrandterichsen@nossaman.com |

7   A notice or other communication regarding this Consent Decree will be effective when

8   received unless the notice or other communication is received after 5:00 p.m. on a business day,

9   or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the

10  next business day.

11

12  DATED this 26th day of July, 2021.

13

14  _____
    HON. THOMAS S. ZILLY
15  UNITED STATES DISTRICT JUDGE

16  Presented by:
    SMITH & LOWNEY, PLLC
17
    By: s/*Richard A. Smith*
18  Richard A. Smith, WSBA #21788
    s/*Meredith A. Crafton*
19  Meredith A. Crafton, WSBA #46558
    Attorneys for Plaintiffs
20  2317 E. John St., Seattle, WA 98112
    Tel: (206) 860-2883
21  Fax: (206) 860-4187
    richard@smithandlowney.com
22  meredith@smithandlowney.com
    *Attorneys for Plaintiffs*
23

CONSENT DECREE - 15
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  NOSSAMAN LLP

2  By: s/*Svend Brandt-Erichsen*
Svend Brandt-Erichsen, WSBA No. 23923
3  719 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 395-7630
4  sbrandterichsen@nossaman.com
*Attorneys for Defendant*

CONSENT DECREE - 16
C20-284 TSZ

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883